PER CURIAM.
The City of Jacksonville appeals from the final order denying its amended counterclaim for injunctive relief and monetary penalties for alleged violations of the City’s ordinance code by appellee, Blue Stone Construction, Inc. For the following reasons, we reverse in part and remand for further proceedings.
Blue Stone is the owner of an aged commercial building which had been subject to code enforcement proceedings by the City of Jacksonville. In particular, one wall of the building was unstable and the building suffered various structural problems. In prior administrative action, the City of Jacksonville began code enforcement proceedings, but the emergency nature of those proceedings was extinguished by Blue Stone when it shored up the building. The instant case originated when Blue Stone sued to remove certain liens upon the property resulting from the City of Jacksonville’s previous code enforcement efforts. The City of Jacksonville counterclaimed for injunctive and monetary relief. Eventually, the liens Blue Stone sought to remove were released, leaving only the City’s amended counterclaim pending for trial. In its counterclaim, the City alleged that Blue Stone’s building violated code provisions in part 2 of chapter 518, entitled “Improved or Unimproved Lots and Exterior Conditions of Residential and Commercial Properties.” The trial court found that the situation at hand was more properly addressed via part 8 of chapter 518, titled “Unsafe Buildings & Structures” and that the City’s previous actions to enforce part 3 had been discontinued when the emergency nature of the building’s condition was alleviated. Because the City pled only violations of part 2, and not part 3, of chapter 518, the trial court denied relief under the City of Jacksonville’s amended counterclaim and denied the City’s motion to amend the pleadings.
While the City’s counterclaim might have been presented under part 3, the “Unsafe Buildings and Structures” provision of the code, the City is not precluded from seeking compliance under part 2, the public nuisance provisions of chapter 518. Section 518.202(10) of the code, which was alleged in paragraph 18 of the amended counterclaim, lists “[a]n unsafe or unsanitary condition not included within the meaning of the other terms as used herein which endangers the public health, welfare, or safety of the community.” Section 518.202(10) is not limited to public health concerns, but also encompasses public welfare and safety. The availability of part 3 of section 518 as grounds for the City’s claim for injunctive relief does not preclude the City’s claim for injunctive relief to compel repair or demolition of the unsafe and dangerous building under the code provision alleged in the amended counterclaim.
The trial court’s holding that the City failed to properly plead a cause of action for injunctive relief because chapter 518.202 is inapplicable to the unsafe structure at issue was erroneous and is thus REVERSED. The other provisions of the final judgment are AFFIRMED. This case is remanded for further proceedings consistent herewith.
PADOVANO, THOMAS, and CLARK, JJ., concur.